UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM S.,

            Plaintiff,

v.                                                                                          3:21-CV-0578
                                                                                            (ML)
COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

OLINSKY LAW GROUP                                           KAELIN L. RICHARD, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street-Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION                              MICHAEL L. HENRY, ESQ.
  Counsel for the Defendant                                 Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

        Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1]  Oral

---

[1]    This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

argument was heard in connection with those motions on September 8, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)  Plaintiff's motion for judgment on the pleadings (Dkt. No. 18) is DENIED.

2)  Defendant's motion for judgment on the pleadings (Dkt. No. 19) is GRANTED.

3)  The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)  Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)  The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: September 9, 2022
       Binghamton, New York

_____
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
S

vs.                                    3:21-CV-0578

COMMISSIONER OF SOCIAL SECURITY




_____




                    DECISION AND ORDER


                    September 8, 2022


         The HONORABLE MIROSLAV LOVRIC,

            DISTRICT MAGISTRATE JUDGE



              A P P E A R A N C E S

For Plaintiff:     KAELIN RICHARD, ESQ.

For Defendant:     MICHAEL HENRY, ESQ.


              Ruth I. Lynch, RPR, RMR, NYSRCR
              Official United States Court Reporter
                 Binghamton, New York  13901
```

1          THE COURT:  All right.  The Court's going to begin
2   its decision and analysis by stating as follows:
3          Plaintiff commenced this proceeding pursuant to
4   Title 42 U.S. Code Sections 405(g) and 1383(c) to challenge
5   the adverse determination by the Commissioner of Social
6   Security finding that he was not disabled at the relevant
7   times and therefore ineligible for the benefits that he
8   sought.
9          By way of background, the Court begins as follows:
10         Plaintiff was born in 1985.  He is currently
11  approximately 36 years of age.  He was approximately 25
12  years of age at the alleged onset of his disability on
13  June 11th, 2011.  Plaintiff, plaintiff testified that he
14  lives with his two sisters.  Plaintiff testified that both
15  sisters are disabled; one with a physical disability and one
16  with a mental disability.  Plaintiff testified that he is
17  the designated payee for the sister who has a mental
18  disability.
19         Plaintiff stands approximately 5 feet 8 inches in
20  height and weighs approximately 255 pounds.  Plaintiff has
21  at least a high school education and he is able to
22  communicate in English.
23         Plaintiff does not have any past relevant work
24  history.  Plaintiff's only work experience was as a
25  part-time door hanger at a Papa John's putting coupons on

1  doors and folding pizza boxes.  Plaintiff, plaintiff
2  testified that he helps his sisters with cooking, cleaning,
3  and he also does laundry and takes out the trash.
4           Plaintiff also testified that he might be capable
5  of full-time work and has applied for retail jobs but he has
6  been unsuccessful in securing a job.
7           Procedurally the Court notes as follows:
8  Plaintiff applied for Title XVI benefits on June 18 of 2018
9  alleging an onset date of June 11, 2011.  Administrative Law
10 Judge Melissa Hammock conducted a hearing on October 2nd,
11 2019, to address plaintiff's application for benefits.
12 However, the hearing was postponed so that plaintiff could
13 obtain representation.  On January 22nd of 2020 the hearing
14 was continued.  ALJ Hammock issued an unfavorable decision
15 on June 26th of 2020.  This became a final determination of
16 the agency on March 15th of 2021 when the Social Security
17 Administration Appeals Council denied plaintiff's
18 application for review.  This action was commenced on
19 May 19th of 2021, and it is timely.
20          In her decision ALJ Hammock applied the familiar
21 five-step test for determining disability.
22          At step one, the ALJ concluded that plaintiff had
23 not engaged in substantial gainful activity since June 18 of
24 2018, the application date.
25          At step two, the ALJ concluded that plaintiff

suffers from severe impairments that impose more than minimal limitations on his ability to perform basic work activities, specifically impingement syndrome of the left upper extremity, myositis, arthralgia, and obesity.

At step three, ALJ Hammock concluded that plaintiff's conditions do not meet or medically equal any of the listed presumptively disabling conditions as set forth in the commissioner's regulations. And the ALJ focused on listing 1.02 that deals with major dysfunction of the joints and SSR 19-2p as it relates to obesity.

The ALJ next performed -- excuse me. The ALJ next determined that plaintiff retains the residual functional capacity to perform light work except he is limited to occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling, but never climbing ladders, ropes, or scaffolds. The ALJ also determined that the plaintiff is limited to occasionally reaching overhead bilaterally.

At step four, the ALJ concluded that plaintiff has no past relevant work. The ALJ therefore proceeded to step five.

At step five, the ALJ concluded that based on the testimony of the vocational expert and considering plaintiff's age, education, work experience, and RFC that plaintiff could perform the requirements of representative

1    occupations such as a self-service cashier, marker, and
2    produce weigher.  As a result, the ALJ concluded that
3    plaintiff has not been under a disability as defined by the
4    Social Security Act from June 18 of 2018 through the date of
5    the ALJ's decision.
6            Now, the parties are aware that this Court's
7    functional role in this case is limited and extremely
8    deferential.  I must determine whether correct legal
9    principles were applied and whether the determination is
10   supported by substantial evidence, defined as such relevant
11   evidence as a reasonable mind would find sufficient to
12   support a conclusion.  As the Second Circuit noted in
13   Brault v. Social Security Administration Commissioner,
14   that's found at 683 F.3rd 443, a 2012 Second Circuit case,
15   and therein the circuit indicated that the standard is
16   demanding, more so than the clearly erroneous standard.  The
17   Second Circuit noted in Brault that once there is a finding
18   of fact, that fact can be rejected only if a reasonable
19   fact-finder would have to conclude otherwise.
20           The plaintiff raises two contentions in this
21   appeal.  First, plaintiff argues that substantial evidence
22   does not support the ALJ's RFC determination because the ALJ
23   failed to adequately evaluate the opinion of Dr. Amanda
24   Slowsik.
25           Secondly, plaintiff also contends that and argues

1  that substantial evidence does not support the ALJ's
2  determination at step two because plaintiff's mental
3  impairments are more than de minimis.
4         The Court begins its analysis as follows:  First,
5  for the reasons set forth in defendant's brief, I find that
6  the ALJ properly found Dr. Slowik's opinion unpersuasive
7  because Dr. Slowik did not link her assessment of mental
8  limitations to an actual diagnosis.  20 C.F.R.
9  Section 416.929(b) states that a claimant's symptoms will
10 not be found to affect the claimant's ability to do basic
11 work activities unless medical signs or laboratory findings
12 show that a medically determinable impairment or impairments
13 is or are present.  According to C.F.R. Section 416.921, an
14 impairment is not medically determinable unless it is
15 established by objective medical evidence from an acceptable
16 medical source.  Moreover, SSR 96-8p, that can be found at
17 1996 West Law 374184 at page 2, states, quote, in assessing
18 RFC, the adjudicator must consider only limitations and
19 restrictions attributable to medically determinable
20 impairments, end of quote.
21        As the ALJ, and Dr. Haus, who also reviewed the
22 opinion of consultative examiner Dr. Slowik, noted, the
23 record does not contain any formal mental diagnosis.  See
24 docket number 8 at 33, transcript page 29.  See also docket
25 number 8 at 68, transcript page 64.  Instead, Dr. Slowik's

1  opinion offered only, quote, rule out, end of quote,
2  diagnosis based on her examination.  As set forth -- as set
3  forth in Tyler M., quote, rule out, end of quote, means to
4  eliminate or exclude something from consideration, and it
5  therefore does not constitute a diagnosis.  See case
6  Tyler M. versus Saul, 19-CV-0426, that can be found at 2020
7  West Law 5258344 at page 8, note number 8, and that is a
8  Northern District New York September 3, 2020 case issued by
9  Magistrate Judge Hummel.  Thus, substantial evidence
10 supports the ALJ's rejection of any functional limitations
11 set forth by Dr. Slowik that were not attributable to a
12 medically determinable impairment.
13         Further, as defendant highlighted, Dr. Slowik
14 stated that plaintiff's collective issues, quote, do not
15 appear to be significant enough to interfere with the
16 claimant's ability to function on a daily basis, end quote.
17 See docket number 8 at 431, transcript page 427.  Thus, even
18 if the ALJ had found Dr. Slowik's report persuasive, it
19 would have only reinforced the conclusion that plaintiff's
20 medical -- mental conditions were not significant enough to
21 support RFC restrictions.
22         Secondly, for the reasons set forth in defendant's
23 brief, substantial evidence supports the ALJ's conclusion
24 that plaintiff did not have a severe mental impairment and,
25 in any event, plaintiff cannot show harm.

1          As I previously stated, the record shows that
2   plaintiff did not have a medically determinable mental
3   impairment.  Thus, plaintiff could not have a severe
4   medically determinable mental impairment.  Although
5   plaintiff was examined by Dr. Slowik, and Dr. Haus reviewed
6   his medical records, neither medical provider expressed a
7   clinical diagnosis.
8          Moreover, as defendant highlighted, even assuming
9   arguendo that the ALJ erred at step two, plaintiff cannot
10  show harm because he failed to identify any work-related
11  mental limitation that was improperly omitted from the RFC
12  and the jobs identified at step five were unskilled despite
13  the RFC not including a restriction to unskilled work.
14         For the reasons set forth in defendant's brief,
15  plaintiff's poor personal hygiene does not equate with a
16  mental impairment.
17         As a result, based upon this analysis I therefore
18  find and conclude plaintiff's motion for judgment on the
19  pleadings is denied.  Defendant's motion for judgment on the
20  pleadings is granted.  Plaintiff's complaint is dismissed.
21  And the Commissioner's decision denying plaintiff benefits
22  is hereby affirmed.
23       This constitutes the decision of this Court.
24                     - - - - -
25

```
 1                CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4        I, RUTH I. LYNCH, RPR, RMR, NYS Realtime Certified

 5   Reporter, Federal Official Court Reporter, in and for the

 6   United States District Court for the Northern District of

 7   New York, DO HEREBY CERTIFY that pursuant to Section 753,

 8   Title 28, United States Code, that the foregoing is a true

 9   and correct transcript of the stenographically reported

10   proceedings held in the above-entitled matter and that the

11   transcript page format is in conformance with the

12   regulations of the Judicial Conference of the United States.

13

14

15

16
                    /s/ Ruth I. Lynch
17
                    RUTH I. LYNCH, RPR, RMR, NYSRCR
18                  Official U.S. Court Reporter

19

20

21

22

23

24

25
```